UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Pierce and Stephanie Pierce,<br>    Plaintiffs, | Court File No.: |
| v. | **COMPLAINT** |
| American Family Mutual Insurance Company, S.I.,<br>    Defendant. | |

Plaintiffs, Shawn Pierce and Stephanie Pierce, by and through their attorneys, Smith Jadin Johnson, PLLC, complain of Defendant, American Family Mutual Insurance Company, S.I., as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiffs Shawn Pierce and Stephanie Pierce (hereinafter "Plaintiffs"), were the resident owners of a single-family home located at 17669 62nd Court N., Maple Grove, Minnesota (the "Property") that included a steel outbuilding (the "Garage") and personal property.

2. Upon information and belief, Defendant American Family Mutual Insurance Company, S.I. ("Defendant") is a Wisconsin corporation with its principal place of business at 6000 American Parkway, Madison, Wisconsin 53783. According to the Minnesota Department of Commerce, Defendant's agent for service of process in Minnesota is Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

1

3. This Court has jurisdiction under 28 U.S.C. §1332 in that there is complete diversity between the Plaintiffs and Defendant and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. This Court has jurisdiction under 28 U.S.C. §1331, because this matter involves a federal question involving laws of the United States.

5. Venue is proper in this Court under 28 U.S.C. §1391(b) as a substantial part of the events giving rise to this action occurred in this District and the Property which is the subject of this action is located within this District.

## FACTS

6. This matter concerns a dispute over insurance coverage and payments on a claim for a covered fire loss at the Property.

7. The Property was insured under a policy of insurance (Policy No. XXXXXX5801) issued by American Family Mutual Insurance Company, S.I. (the "Policy") that provided coverage for fire damage effective October 1, 2019 to October 1, 2020.

8. On or about July 17, 2020, a fire occurred at the Property resulting in severe and extensive damage to the residential structure and the personal property therein (the "Loss") in excess of Policy limits.

9. After the fire, the Plaintiffs provided prompt notice of the Loss to Defendant, who accepted coverage for the Loss and made payments to the Plaintiffs for the Loss; however, Defendant refuses to pay full amount of the Loss up to Policy limits.

10. During the adjustment of the claim, Defendant negligently or intentionally obtained Plaintiffs' consumer reports on numerous occasions without authorization from the Plaintiffs by using a computerized database(s) of consumer credit information maintained by third party credit agencies.

11. Defendant denied payment of full Policy limits for the Loss in contradiction to the evidence demonstrating actual losses in excess of Policy limits for Coverage A – structure and Coverage B – personal property and instead, systematically pursued an investigation seeking extensive disclosures of unrelated and irrelevant personal and financial documents and information.

12. Defendant has denied benefits under the insurance policy in the absence of a reasonable basis for such denial.

13. Defendant knew that it lacked a reasonable basis for denying benefits under the insurance policy or acted in reckless disregard of the lack of a reasonable basis for denying the benefits of the insurance policy.

14. After the Loss, Defendant repeatedly, and without authorization, pulled Plaintiff's credit reports on numerous occasions.

15. To the extent that any authorization had been granted by Plaintiff to Defendant to obtain/pull, Plaintiffs' consumer reports/credit reports, it was expressly withdrawn on or about April 21, 2021.

16. Despite explicit instructions not to pull Plaintiff's credit report, Defendant continued to do so.

## COUNT I
## BREACH OF CONTRACT

17. Plaintiffs restate and reallege each of the foregoing paragraphs as though fully set forth herein and further state and allege as follows.

18. The Policy is a contract between Plaintiffs and Defendant.

19. Plaintiffs have performed all conditions precedent necessary to obligate Defendant to perform under the Policy, including paying premiums, cooperation with Defendant's investigation and adjustment of the Loss, appearing for examinations under oath, and complying with Defendant's numerous and extensive requests for personal and financial information and documents.

20. Plaintiffs relied upon Defendant to honor its contractual obligations to properly adjust, pay for the Loss.

21. Defendant has breached the Policy by failing to pay the full amount of the Loss and specifically failed to pay Policy limits for the structure and personal property.

22. In addition, Plaintiff has failed to pay all undisputed amounts for additional living expenses.

23. As a direct result of Defendant's breach of contract, Plaintiffs have been damaged in an amount in excess of $50,000, the specific amount to be determined at trial.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 *ET SEQ.*

24. Plaintiffs restate and reallege the allegations stated in the preceding Paragraphs above as if fully set forth herein.

25. Defendant obtained Plaintiffs' consumer credit reports from a consumer reporting agency for no permissible purpose detailed in the Fair Credit Reporting Act ("FCRA") at 15 U.S.C. § 1681b.

26. Defendant obtained Plaintiffs' consumer credit reports from a consumer reporting agency without authorization or in excess of any authorization granted.

27. The FCRA authorizes civil penalties for willful noncompliance with the FCRA including actual damages, punitive damages, and an award of reasonable attorney's fees at 15 U.S.C. § 1681n.

28. The FCRA authorizes civil penalties for negligent noncompliance with the FCRA including actual damages and an award of reasonable attorney's fees at 15 U.S.C. § 1681o.

29. Defendant willfully and negligently failed to comply with the FCRA by obtaining the Plaintiffs credit reports during the adjustment of the claim without authorization from the Plaintiffs and for no permissible purpose.

30. As a result of Defendant's actions, Plaintiffs' credit scores and ability to obtain credit has been affected.

31. Plaintiffs are entitled to damages as set forth in the FCRA, in an amount to be determined at trial.

## COUNT III
## VIOLATIONS OF THE CONSUMER FRAUD AND ABUSE ACT 18 U.S.C. § 1031 *ET SEQ.*

32. Plaintiffs restate and reallege the allegations stated in the preceding Paragraphs above as if fully set forth herein.

5

33. Defendant intentionally accessed a computer without authorization or exceeds authorized access thereby obtaining information contained in the files of a consumer reporting agency on the Plaintiffs in violation of the Consumer Fraud and Abuse Act ("CFBA") at 18 U.S.C. § 1030 (a)(2)(A).

34. The CFBA authorizes civil actions for violations of the CFBA for compensatory damages and injunctive relief or other equitable relief at 18 U.S.C. § 1030 (g).

35. As a result of Defendant's actions, Plaintiffs' credit scores and ability to obtain credit has been affected.

36. Plaintiffs are entitled to damages as set forth in the CFBA, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request judgment of the Court against Defendant for the following relief:

1. Judgment in favor of the Plaintiffs and against Defendant for an amount in excess of $50,000, the exact amount to be proven at trial;
2. Injunctive relief ordering Defendant to cease and desist from obtaining Plaintiffs' credit reports;
3. Punitive damages for violations of the FCRA;
4. An award of attorney's fees, costs, and disbursements; and
5. For such other and further relief as this Court deems just and equitable.

                                        **SMITH JADIN JOHNSON, PLLC**

Dated: January 10, 2022                By: /s/ Bradley K. Hammond
                                                    Timothy D. Johnson (MN#0394918)
                                                    Bradley K. Hammond (MN #0391611)
                                                    7900 Xerxes Avenue, Suite 2020
                                                    Bloomington, MN 55431
                                                    Telephone: (952) 388-0289
                                                    Facsimile: (612) 235-7927
                                                    tjohnson@sjjlawfirm.com
                                                    bhammond@sjjlawfirm.com

                                                  **Attorneys for Plaintiffs**