UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Pierce, and Stephanie Pierce, | Case No. 22-cv-0052 (WMW/DLM) |
| Plaintiffs, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company, S.I., | |
| Defendant. | |

Before the Court is Defendant American Family Mutual Insurance Company's ("American Family") Motion for Partial Summary Judgment to Compel Appraisal and Stay the Proceedings. (Dkt. 42.) For the reasons addressed herein, the motion is granted.

**BACKGROUND**

In October 2019, Plaintiffs Shawn Pierce and Stephanie Pierce (collectively the "Pierces") insured their home through American Family. The insurance policy effectively provided coverage for fire damage between October 1, 2019, to October 1, 2020 ("the Policy").

In July 2020, a fire occurred at the Pierces' home and damaged the dwelling and personal property inside. The insurance policy covered both the damage to the home ("Coverage A") and for the loss of personal property ("Coverage B"). American Family accepted coverage and the parties began to determine the amount of loss that resulted from the fire. During the process, the Pierces began to disagree with American Family's

measurement of loss. The Pierces believed that the amount to repair the home was much higher than American Family's estimate. The Pierces also disputed the extent of damage to their personal property.

In April 2021, American Family demanded an appraisal to resolve the dispute through the appraisal provision of the contract. The appraisal provision of the Policy provides:

> **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. If either party fails to select an appraiser within 20 days, the other party may, upon 5 days written notice to the failing party, make application to have a presiding judge of the district court of the county in which the loss has occurred appoint an appraiser for the failing party. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the insured premises is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by you and us.

(Dkt. 44-1 at 11.) Pursuant to this demand, the Pierces named an appraiser but sought to delay the process on the basis that their public adjuster should first prepare a comprehensive estimate of the full amount of the claims. American Family denied this request as the public adjuster had been working on the claim since July 2020 and already submitted a detailed statement of loss.

2

In May 2021, American Family learned that the Pierces had sold the house in January 2021. Subsequently, American Family sent a letter to the Pierces regarding their duty to notify American Family before disposing of evidence and the duty to preserve the personal items that would need to be appraised. In response to the letter, the Pierces confirmed that the house had been sold and demanded American Family settle the claim by paying the policy limit for all coverages. The Pierces also refused to move forward with the appraisal process. According to the Pierces, their measurement of loss exceeded the policy limits, which rendered the dwelling a "total loss" and negated the appraisal as a means of resolving the dispute. American Family rejected the Pierces' "total loss" theory and refused to make any payment until the appraisal process had been completed. The Pierces subsequently initiated ligation against American Family for breach of contract for its denial of benefits under the insurance contract.

## ANALYSIS

**I.    SUMMARY JUDGMENT**

Summary judgment is proper when the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1968). The evidence and any reasonable inferences to be drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Krenik v. Cty. Of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). Whether a fact is "material" is assessed under the governing substantive law. *Anderson*, 477 U.S. at 248. Summary judgment is not appropriate where a dispute about a material fact is "genuine," that is "if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The party seeking summary judgment always bears the initial burden of production. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But when the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Scott v. Harris*, 550 U.S. 372, 380 (2007), or "rest upon the mere allegations or denials of his pleading," *Anderson*, 477 U.S. at 248. The nonmoving party must cite "particular parts of materials in the record" that support the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1)(A).

## II.   TOTAL LOSS

Whether American Family is entitled to resolve the amount-of-loss dispute through the appraisal process under the Policy depends on whether the damage to the Pierces' home is considered a "total loss."

Under Minnesota law, the Minnesota Standard Fire Insurance Policy governs fire insurance policies and provides mandatory terms that cannot be omitted, changed or waived. Minn. Stat. § 65A.01, Subd. 3; *see also Watson v. United Services Auto. Ass'n*, 566 N.W.2d 683, 690 (Minn. 1997) (highlighting that this is reflected through the statute's "conformity clause"). Both parties agree that the Minnesota Standard Fire Insurance Policy language applies.

The statutory fire policy includes an appraisal provision that is similar to the provision stated in the Policy between the parties. But the statutory fire policy exempts appraisals in the event of a "total loss" on buildings. Specifically, the statute provides:

> In case the insured and this company, except in case of total loss on buildings, shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. In case either fails to select an appraiser within the time provided, then a presiding judge of the district court of the county wherein the loss occurs may appoint such appraiser for such party upon application of the other party in writing by giving five days' notice thereof in writing to the party failing to appoint. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then a presiding judge of the above mentioned court may appoint such an umpire upon application of party in writing by giving five days' notice thereof in writing to the other party. The appraisers shall then appraise the loss, stating separately actual value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual value and loss. Each appraiser shall be paid by the selecting party, or the party for whom selected, and the expense of the appraisal and umpire shall be paid by the parties equally.

Minn. Stat. § 65A.01, subd.3.

The Minnesota Supreme Court has long held that "[a] building is not a total loss . . . unless it has been so far destroyed by the fire that no substantial part or portion of it above ground remains in place capable of being safely utilized in restoring the building to the condition in which it was before the fire." *Auto-Owners Ins. Co. v. Second Chance Investments, LLC*, 827 N.W.2d 766, 770 (Minn. 2013) (quoting *Nw. Mut. Life Ins. v. Rochester German Ins.*, 88 N.W. 265, 267 (Minn. 1901)); *see also Shaw v. Farm Bureau Prop. & Cas. Ins. Co.*, 23 F.4th 1043, 1048 (8th Cir. 2022). "[W]hen the parties fail to agree as to whether a loss is total under a policy governed by Minn. Stat. § 65A.01,

the district court is the appropriate forum to resolve their dispute." *Auto-Owners Ins. Co.*, 827 N.W.2d at 772.

American Family contends that a "total loss" did not occur because the entire home remained in place after the fire and was capable of being restored. American Family also argues that the "total loss" exception only applies to buildings and not to the Pierce's personal property. The Pierces maintain that a "total loss" occurred because the value of their claims for personal property and the dwelling exceeded the Policy limits.

In support of their position, the Pierces analogize this case to *Auto-Owners Ins. Co.*, 827 N.W.2d at 766. The Pierces' argument, however, is unavailing. In *Auto-Owners Ins. Co.*, the district court denied an insurer's motion to compel an appraisal because it concluded that a genuine dispute of material facts existed as to whether a "total loss" occurred. 812 N.W.2d at 201. Unlike the facts of this case, *Auto-Owners Ins. Co.*, involved a building in which the "building's shell, exterior walls, roof, and floor assembly were reusable," but, experts concluded that "salvaging these parts would not be economical and that the best option would be to demolish the building frame from the top down." 827 N.W.2d at 766. The Minnesota Supreme Court affirmed the conclusion that whether a "total loss" occurred required the case to be submitted to a jury. *Id.*

Here, it is undisputed that the Pierces' entire home remained in place after the fire and that the home was capable of being repaired. In fact, the home was sold and repaired. The record also establishes that only structural repairs had been contemplated. (Dkts. 45 at 1-50; 46 at 1-50; 48-6 at 3; 49 at 1; 49-1 at 1; 49-2 at 6-11.) Nothing in the record supports the conclusion that the home was "so far destroyed by the fire that no

6

substantial part or portion of it above ground remains in place capable of being safely utilized in restoring the building to the condition in which it was before the fire." *Nw. Mut. Life Ins.*, 88 N.W. at 267. The facts do not provide that a "total loss" of the home occurred. Moreover, the Pierces have not identified any legal authority to support their contention that a "total loss" of the dwelling can occur simply because the value of their claims exceeded the limits of their policy nor have the Pierces provided any legal authority that would otherwise excuse them from complying with the appraisal provision.

The Minnesota Standard Fire Insurance Policy only provides an exception in cases of "total loss *on buildings*" Minn. Stat. § 65A.01, subd.3 (emphasis added). The Pierces have not identified, nor is the Court aware of, any legal authority to support their contention that the "total loss" exception also applies to personal property.

Because there is no genuine issue of material fact as to whether the Pierces suffered a "total loss," American Family's Motion for Partial Summary Judgment to Compel Appraisal and Stay the Proceedings is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. American Family's Motion for Partial Summary Judgment to Compel Appraisal and Stay the Proceedings, (Dkt. 42), is **GRANTED**.

2. The parties shall resolve their amount-of-loss disputes pertaining to Coverage A (real property) and Coverage B (personal property) through appraisal, as provided by Minn. Stat. § 65A.01, subd. 3, and the insurance policy's appraisal provision.

3. Further proceedings in this case are hereby stayed pending the completion of the appraisal process.

Dated: August 10, 2023                    s/Wilhelmina M. Wright
                                                           Wilhelmina M. Wright
                                                           United States District Judge